# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| JODY ROTH | § § | CASE NUMBER: |
| V. | § § § | |
| | § § | **DEMAND FOR JURY TRIAL** |
| FMS, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1.  Plaintiff, Jody Roth, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA and the DTPA.

2.  Defendant, FMS Inc. ("FMS"), is an Oklahoma corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Upon information and belief FMS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Texas.

## JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* to secure permanent injunctive relief and other equitable relief, including rescission, restitution, and disgorgement, against defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court because the acts and transactions occurred here and the Defendant transacts business here.

## DEFINITIONS

6. As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

7. The FDCPA, 15 U.S.C. § 1692 which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8. Defendant, FMS, is an Oklahoma based collection agency that is in the business of collecting consumer debts. FMS engaged in the business of collecting consumer debts in the Southern District of Texas. The principal purpose of FMS's business is the collection of consumer debts using the mail and/or telephone, and regularly attempts to collect consumer debts for others. FMS is a "debt collector" as defined by 15

U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). FMS is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

9. Plaintiff, Jody Roth is an individual who resides in Galveston County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

10. In or about the month of December 2009 Defendant starting contacting Plaintiff in connection with a delinquent account with Target National Bank.

11. On or about December 17, 2009, Counsel for the Plaintiff called Defendant and spoke to John Hughes, an employee of the Defendant, and informed Defendant that Plaintiff had retained counsel in connection with the purported debt and that the debt was disputed. Counsel for the Plaintiff faxed notice of representation and dispute letter to the Defendant. A copy of the notice of representation and dispute letter with fax confirmation is attached as exhibit "A" and is incorporated hereto as if copied word for word verbatim.

12. On or about December 21, 2009, Defendant mailed Plaintiff a letter attempting to collect the same debt from Plaintiff despite the fact that Defendant had actual knowledge of Plaintiff's legal representation and that the debt was disputed. A copy of the letter is attached as exhibit "B" and is incorporated hereto as if copied word for word verbatim.

13. On or about January 7, 2010, Defendant sent Plaintiff another letter, this time with several statements purporting to be a verification of the debt. A copy of the letter, minus the voluminous statements that were included, is attached as exhibit "C" and is incorporated hereto as if copied word for word verbatim.

14. The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

15. The foregoing acts and omissions of the Defendant were undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

16. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions of the Defendant in their collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, <u>Bartlett v. Heibl</u>, 128 F.3d. 497, 500 (7th Cir. 1997); <u>Chauncey v. JDR</u>, 118 F.3d 516, 519 (7th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996); and <u>Gammon v. GC Services, LTD. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g Of The FDCPA –
### Failing to cease collection efforts until the debt is validated

17. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraph.

18. Section 1692g(b) of the FDCPA prohibits continuing debt collection efforts on a disputed account until the debt is validated.

19. Defendant's sending of collection letters prior to validating the disputed account is an unlawful action, which thus violates § 1692g of the FDCPA.

20. Defendant's violations of § 1692g of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (<u>See,</u> 15 U.S.C. § 1692k).

**COUNT II**
**Violations Of § 1692c(a)(2) Of the FDCPA –**
**Communicating With a Consumer Represented By Counsel**

21.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraph.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  Defendant was given notice that Plaintiff was represented by an attorney in connection with this debt.  The Defendant by continuing to contact the Plaintiff by phone and/or by mail after being give such notice that Plaintiff was represented by counsel in connection with this debt, is an unlawful action and thus violates § 1692c(a)(2) of the FDCPA.

23.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees.  (See, 15 U.S.C. § 1692k).

**COUNT III**
**Invasion of Privacy by Intrusion Upon Seclusion**

24.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraph.

25.     Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

26.     Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

27.     Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude,

seclusion, and or private concerns or affairs.

28. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

29. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT IV
### Violations of the Texas Debt Collection Act
### Specifically, Violation of Tex. Fin. Code § 392.202

30. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

31. Defendant violated the TDCA by continuing collection efforts on a disputed account. Specifically, Tex. Fin. Code Ann. § 392.202(a), the third party debt collector shall cease collection efforts until an investigation of the dispute described by subsections (b) – (e) determines the accurate amount of the debt, if any.

32. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT V
### Violations of the Texas Debt Collection Act
### Specifically, Violation of Tex. Fin. Code § 392.304(a)(19)

33. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

34. Defendant violated the TDCA by using false representations and deceptive means to collect a consumer debt.

35. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT VI
## Violations of the Texas Deceptive Trades Practices Act

36. The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

37. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

38. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render them liable to Plaintiff for injunctive relief, and reasonable attorney's fees.

## PRAYER FOR RELIEF

Plaintiff, Jody Roth, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA and TDCA;
2. Enjoin the Defendant's actions which violate the TDCA and the DTPA;
3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, punitive damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;
4. Grant such further relief as deemed just.

Respectfully submitted,

The Heston Law Firm, PC


/s/ Daniel J. Ciment
_____
James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
800 W. Sam Houston Parkway N.
Building 12, 3rd Floor
Houston, TX 77024
713-270-4833 – phone
713-270-6773 – fax
ATTORNEY'S FOR PLAINTIFF