Robbie Malone
State Bar No. 12876450
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JODY ROTH | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 4:10-CV-00523 |
| | § | |
| FMS, INC. | § | |
| Defendant | § | |

**DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now FMS, Inc., Defendant through counsel of record, and files its Original Answer to Plaintiff's Complaint as follows:

**I.**

1. Defendant admits Plaintiff sues under the FDCPA but denies it violated any statute.

2. Defendant admits it is a debt collector, collecting in most states, but is without sufficient information to admit or deny the remainder of Paragraph 2.

3. Defendant agrees Plaintiff has sued under the act.

4. Defendant admits the court has jurisdiction.

5. Defendant admits Paragraph 5.

6. Defendant admits Paragraph 6 cites statutes.

7. Defendant admits the FDCPA prohibits debt collection practices.

8. Defendant admits Paragraph 8.

9. Defendant is without sufficient information to admit or deny Paragraph 9.

10. Defendant denies Paragraph 10.

11. Defendant admits someone purporting to be counsel for Plaintiff spoke with John Hughes. Defendant received a fax cover sheet purporting to be notice of representation. Defendant has polices in place to accurately designate attorney represented accounts. An error occurred despite Defendant's policies, procedures, best practices, and training. Any such error was unintentional.

12. Defendant admits it mailed a letter as stated in Paragraph 12. However, had the account been properly dispositioned as per Defendant's policies, procedures, best practices, and training, the letter would have never been sent. An error in violation of Defendant's polices, procedures, best practices, and training was unintentional.

13. Defendant admits it sent a verification with attached proof of debt as stated by Plaintiff in Paragraph 13. However, had the account been properly dispositioned as per Defendant's policies, procedures, best practices, and training, the letter would have never been sent. An error in violation of Defendant's polices, procedures, best practices, and training was unintentional.

14. Defendant denies Paragraph 14.

15. Defendant denies Paragraph 15.

16. Defendant admits the actions occurred within the year of Paragraph 16. Defendant admits Plaintiff has cited some cases but not all regarding unsophisticated consumer.

17. Defendant adopts the preceding Paragraphs.

18. Defendant admits Plaintiff has cited some of the statute but not all of the relevant statute in Paragraph 18.

19. Defendant denies paragraph 19.

20. Defendant admits 1692 allows attorney fees to be granted as stated in Paragraph 20, but denies this case is appropriate for such an action.

21. Defendant adopts the preceding Paragraphs.

22. Defendant denies Paragraph 22.

23. Defendant admits the FDCPA may allow the recovery of damages, cost and reasonable attorney fees in Paragraph 23. Defendant denies this case is appropriate.

24. Defendant incorporates Paragraphs 1 through 23.

25. Defendant denies Paragraph 25.

26. Defendant denies Paragraph 26.

27. Defendant denies Paragraph 27.

28. Defendant denies Paragraph 28.

29. Defendant denies Paragraph 29.

30. Defendant adopts the preceding Paragraphs.

31. Defendant denies Paragraph 31.

32. Defendant admits the TDCA may allow a party to recover damages but denies the remainder of Paragraph 32.

33. Defendant incorporates the preceding Paragraphs.

34. Defendant denies Paragraph 34.

35. Defendant admits the TDCA allows for recovery of damages but denies this case is appropriate for them.

36. Defendant incorporates its preceding Paragraphs.

37. Defendant denies Paragraph 37.

38. Defendant admits the DTPA allows for injunctive relief and damages but denies this case is appropriate.

39. Defendant denies Plaintiff is entitled to damages set forth in its prayer.

**II.**

**AFFIRMATIVE DEFENSES**

40. Defendant alleges that any violation of the act if it occurred was a result of a bona fide error.

41. Any damages suffered by Plaintiff were the result of actions of third parties over whom this Defendant has no control.

42. Plaintiff's damages, if any, are the result of preexisting condition.

43. Plaintiff has failed to mitigate damages if any.

Respectfully submitted,

\s\Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
**ROBBIE MALONE, PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic filing, return receipt requested on this 27th day of April, 2010 to:

Daniel Ciment
Heston Law Firm, PC
800 W. Sam Houston Parkway N.
Building 12, 3rd Floor
Houston, Texas 77024

/s/Robbie Malone